UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CITY PLATING AND POLISHING, LLC**, an Ohio limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**GREEN MOUNTAIN INDUSTRIAL SUPPLY LLC**, a New Hampshire limited liability company,<br><br>*Defendant*. | Case No. : 1:18-cv-2168<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff City Plating and Polishing, LLC, ("City Plating" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Green Mountain Industrial Supply LLC ("Green Mountain" or "Defendant") to: (1) stop Defendant's practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by its conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### NATURE OF THE ACTION

1. Green Mountain is a national company that markets and sells pallet racking and other storage and material handling products.

2. In an attempt to generate sales leads, and ultimately increase its revenues, Green

Mountain created a fax-based marketing campaign wherein it sent numerous unsolicited faxes advertising its products and services across the country.

3. Green Mountain sent the fax advertisements at issue to Plaintiff and members of the Classes (defined below) despite: (i) having no previous relationship with them; and (ii) never receiving the recipients' consent to receive such faxes.

4. The Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing, or having an agent, fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Green Mountain's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

5. The JFPA further requires that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, instructions on how to opt out of future transmissions, and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time. See 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Green Mountain's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

6. As such, Green Mountain's fax advertisements violate the JFPA, and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such

2

faxes, increased labor expenses, and the loss of any ink and paper used to print them.

7. Accordingly, Plaintiff seeks an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff City Plating is a limited liability company incorporated and existing under the laws of the State of Ohio.

9. Defendant Green Mountain is a limited liability company incorporated and existing under the laws of the State of New Hampshire. Green Mountain systemically and continuously conducts business throughout this District, the State of Ohio, and the United States. Green Mountain can be served through its registered agent, Vincent R. Laposta, located at 816 Elm Street, Manchester, New Hampshire, 03101.

## JURISDICTION & VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

11. The Court has personal jurisdiction over Green Mountain and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in, or was directed to, this District. Additionally, venue is proper in this District because Plaintiff resides in this District.

12. In addition, Green Mountain availed itself to the jurisdiction of the State of Ohio by transmitting the subject unauthorized fax advertisements to Plaintiff and Class Members in this District, directing its marketing efforts toward this District, soliciting customers in this

District, and entering into business contracts in this District. *See Advanced Dermatology v. Adv-Care Pharmacy, Inc.*, 1:17 CV 251, 2017 WL 5067576 (N.D. Ohio, Oct. 31, 2017) (Nugent, J.).

## COMMON ALLEGATIONS OF FACT

13. Green Mountain markets and sells pallet racking and other storage and material handling products.

14. In order to boost sales and increase its revenues, Green Mountain sends numerous faxes advertising its storage and material handling products.

15. Green Mountain sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the JFPA.

16. The faxes sent by Green Mountain constitute advertisements because they promote the commercial availability and quality of Green Mountain's storage and material handling products.

17. The faxes sent by Green Mountain did not have a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements and informing recipients of the sender's obligation to comply with opt-out requests within a reasonable time.

18. Green Mountain used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

## FACTS SPECIFIC TO PLAINTIFF CITY PLATING

19. Starting at least as early as November 14, 2017 and continuing through at least August 16, 2018, Green Mountain used a telephone facsimile machine to send at least four unsolicited fax advertisements to Plaintiff City Plating.

20. Green Mountain sent substantially identical faxes to Plaintiff City Plating on November 14, 2017, April 18, 2018, June 23, 2018, and August 16, 2018 (A true and accurate copy of the November 14, 2017, April 18, 2018, June 23, 2018, and August 16, 2018 fax advertisements are attached hereto as Exhibits A, B, C, and D).

21. Green Mountain's faxes promoted its storage and material handling products. (See Ex. A - D.)

22. Plaintiff City Plating had no prior business relationship with Green Mountain and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

23. Green Mountain created the content of the fax advertisements and transmitted them to Plaintiff and members of the Classes with the intention of generating sales and increasing its revenues.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually, and on behalf of, two classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, Green Mountain, (iv) for whom Green Mountain did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.
>
> **Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received an unsolicited telephone facsimile advertisement, (iii) sent by, or on behalf of, Green Mountain, (iv) for whom Green Mountain did not have a record of prior express consent to send the facsimile advertisements at the time they were sent, (v) where such facsimile advertisement failed to contain the required opt-out notice.

25. The following people are excluded from the Classes: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Green Mountain, Green Mountain's subsidiaries, parents, successors, predecessors, and any entity in which Green Mountain or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Green Mountain's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Green Mountain faxed unsolicited advertisements to hundreds or thousands of individuals and entities who fall into the definition of the Classes. Class membership can be easily determined from Green Mountain's records.

27. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Green Mountain violated the JFPA with respect to Plaintiff, then it violated the JFPA with respect to the other members of the Classes. Plaintiff and members of the Classes sustained damages as a result of Green Mountain's uniform wrongful conduct.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**No Consent Class:**

a. How Green Mountain gathered, compiled, or obtained the fax numbers of

        Plaintiff and the No Consent Class;

b.    Whether Green Mountain's faxes advertised the commercial availability or quality of property, goods, or services;

c.    Whether Green Mountain sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

d.    Whether Green Mountain sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

e.    Whether Green Mountain's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

**Opt-Out Class:**

a.    Whether Green Mountain's faxes advertised the commercial availability or quality of property, goods, or services;

b.    Whether Green Mountain's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

c.    Whether Green Mountain's conduct was willful such that Plaintiff and the Opt-Out Class are entitled to treble damages.

29.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Green Mountain has no defenses unique to Plaintiff.

30.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as wholes, thereby requiring the Court's imposition of uniform relief to ensure

compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

31. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Green Mountain's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Green Mountain's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (<u>On Behalf of Plaintiff and the No Consent Class</u>)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

34. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

35. The faxes sent by Green Mountain advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Green Mountain's faxes are advertisements under the JFPA.

36. Green Mountain sent the facsimile advertisements at issue to Plaintiff and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

37. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, Green Mountain violated 47 U.S.C. § 227(b)(1)(C).

38. As a result of Green Mountain's conduct, Plaintiff and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

39. Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Green Mountain's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not

require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

40. Additionally, as a result of Green Mountain's unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Green Mountain's violations of the JFPA do not continue into the future.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Opt-Out Class)

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. The JFPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. See 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

41. The faxes sent by Green Mountain advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Green Mountain's faxes are advertisements under the JFPA.

42. Green Mountain sent facsimile advertisements to Plaintiff and the Opt-Out Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that: (i) informed fax recipients of their legal right to opt out of receiving future facsimile advertisements; (ii) identified a facsimile number for fax recipients to transmit their opt-out requests to Green Mountain; and (iii) informed recipients of Green Mountain's own obligation to comply with opt-out requests within a reasonable time.

43. Green Mountain's failure to include the opt-out notice information required by the

JFPA deprived Plaintiff and members of the Opt-Out Class of the ability to make informed decisions with respect to their legal right to not receive faxed advertisements and denied them of the information necessary to opt out of receiving future fax advertisements.

44. By sending the advertisement faxes at issue to Plaintiff and members of the Opt-Out Class without the opt-out information required by the JFPA, Green Mountain violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

45. Plaintiff and the Opt-Out Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Green Mountain's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

46. Additionally, as a result of Green Mountain's unlawful conduct, Plaintiff and the other members of the Opt-Out Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Green Mountain's violations of the JFPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff City Plating on behalf of itself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing City Plating as the representative of the Classes, and appointing its counsel as Class Counsel;

2. An order declaring that Green Mountain's actions, as set out above, violate the JFPA;

11

3. An order declaring that Green Mountain's faxes constitute unsolicited advertisements, and that Green Mountain sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Green Mountain from further violations, and otherwise protecting the interests of the Classes;

4. An award of actual and statutory damages;

5. An award of pre-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**CITY PLATING AND POLISHING, LLC**,
individually and on behalf of all others similarly situated

Dated: September 21, 2018            By:   /s/Adam T. Savett
                                                    One of Plaintiff's Attorneys

Adam T. Savett (VA73387)
**SAVETT LAW OFFICES LLC**
2764 Carole Lane
Allentown Pennsylvania 18104
Telephone: (610) 621-4550
Facsimile: (610) 978-2970
E-mail: adam@savettlaw.com

*Attorneys for Plaintiff and the Putative Classes*

# Exhibit A

11/14/2017 15:14 To:2162678158 RANDY SOLGANIK, OWNER Fax:2162678218     RECEIVED 11/14/2017 04:24PM     P 1/1

# Green Mountain Supply

Your One Stop Industrial Supply Superstore
We Visit Our Customers & Verify All Measurements
We Provide Unrivaled Quality & Workmanship
We Provide Value Unmatched By The Competition
Helping Businesses Maximize Space Since 1958
Professional Design & CAD Layout
Professional Installations

New Free-Standing Mezzanines To Spec
All Types Of New Warehouse Rack
Pallet Rack   Drive-In Rack   Gravity-Flow Rack
Cantilever Rack   Push-Back Rack
Wire Mesh Decking
Bulk Shelving
Modular Offices
Wire Enclosures
All Types Of Carts
Self-Dumping Hoppers
Walk-Behind Stackers
Shop Desks
Weighing Equipment



Our Professional Staff Is Ready To Help You.
**Ask About Our Green Promo.   Call Today:**

# 603-627-4200

www.GreenMountainSupply.net

If you received this fax in error please call 1-844-814-8807 to be removed

# Exhibit B

4/18/2018 17:50 To:2162678158 RANDY SOLGANIK, OWNER Fax:2162678218    RECEIVED 04/18/2018 06:03PM    P 1/1

# Green Mountain Supply

Your One Stop Industrial Supply Superstore
We Visit Our Customers & Verify All Measurements
We Provide Unrivaled Quality & Workmanship
We Provide Value Unmatched By The Competition
Helping Businesses Maximize Space Since 1958
Professional Design & CAD Layout
Professional Installations

New Free-Standing Mezzanines To Spec
All Types Of New Warehouse Rack
Pallet Rack   Drive-In Rack   Gravity-Flow Rack
Cantilever Rack   Push-Back Rack
Wire Mesh Decking
Bulk Shelving
Modular Offices
Wire Enclosures
All Types Of Carts
Self-Dumping Hoppers
Walk-Behind Stackers
Shop Desks
Weighing Equipment



Our Professional Staff Is Ready To Help You.
**Ask About Our Green Promo.   Call Today:**

# 603-627-4200

www.GreenMountainSupply.net

If you received this fax in error please call 1-844-814-8807 to be removed

16

# Exhibit C

6/23/2018 8:42 To:2162678158 RANDY SOLGANIK, OWNER Fax:2162678218   RECEIVED 06/23/2018 08:57AM   1/1

# Green Mountain Supply

Your One Stop Industrial Supply Superstore
We Visit Our Customers & Verify All Measurements
We Provide Unrivaled Quality & Workmanship
We Provide Value Unmatched By The Competition
Helping Businesses Maximize Space Since 1958
Professional Design & CAD Layout
Professional Installations

New Free-Standing Mezzanines To Spec
All Types Of New Warehouse Rack
Pallet Rack   Drive-In Rack   Gravity-Flow Rack
Cantilever Rack   Push-Back Rack
Wire Mesh Decking
Bulk Shelving
Modular Offices
Wire Enclosures
All Types Of Carts
Self-Dumping Hoppers
Walk-Behind Stackers
Shop Desks
Weighing Equipment



Our Professional Staff Is Ready To Help You.
**Ask About Our Green Promo.   Call Today:**

# 603-627-4200

If you received this fax in error please call 1-844-814-8807 to be removed

18

# Exhibit D

RECEIVED 08/16/2018 01:57AM
8/16/2018 1:41 To:2162678158 RANDY SOLGANIK, OWNER Fax:2162678218 D 1/1

# Green Mountain Supply

Your One Stop Industrial Supply Superstore
We Visit Our Customers & Verify All Measurements
We Provide Unrivaled Quality & Workmanship
We Provide Value Unmatched By The Competition
Helping Businesses Maximize Space Since 1958
Professional Design & CAD Layout
Professional Installations

New Free-Standing Mezzanines To Spec
All Types Of New Warehouse Rack
Pallet Rack   Drive-In Rack   Gravity-Flow Rack
Cantilever Rack   Push-Back Rack
Wire Mesh Decking
Bulk Shelving
Modular Offices
Wire Enclosures
All Types Of Carts
Self-Dumping Hoppers
Walk-Behind Stackers
Shop Desks
Weighing Equipment



Our Professional Staff Is Ready To Help You.
**Ask About Our Green Promo.   Call Today:**

# 603-627-4200

If you received this fax in error please call 1-844-814-8807 to be removed